JUDGE BUCHWALD

14 CV 3645

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAMARIS RIVERA,            )
                           )
               Plaintiff,  )   **COMPLAINT**
                           )
  -against-               )   **JURY TRIAL DEMANDED**
                           )
THE CITY OF NEW YORK; POLICE OFFICER )
VICENTI GUZMAN, Shield No. 26308 (retired); )
POLICE OFFICER LOWELL THOMAS, Shield )
No. 10439; JOHN DOES; and RICHARD ROES, )
                           )
              Defendants.   )
------------------------------------------------------------X

RECEIVED MAY 21 2014 U.S.D.C. S.D.N.Y. CASHIERS

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff Damaris Rivera seeks relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

## JURY TRIAL DEMANDED

3. Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

5. Plaintiff DAMARIS RIVERA is a citizen and resident of the United States. Plaintiff was at all times relevant herein a resident of the State of New York, Bronx County.

6. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

7. Defendants POLICE OFFICER VICENTI GUZMAN, Shield No. 26308, Defendant POLICE OFFICER LOWELL THOMAS, Shield No. 10439, and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and

functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE OFFICER VICENTI GUZMAN Shield, No. 26308, Defendant POLICE OFFICER LOWELL THOMAS, Shield No. 10439, and JOHN DOES are sued in their individual capacity.

8. Defendants RICHARD ROES were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. RICHARD ROES are sued in their individual capacity.

## STATEMENT OF FACTS

9. In the early morning hours of May 25, 2011, Plaintiff had a confrontation with the owner of a 24-hour store in her neighborhood, located at 1011 Ogden Avenue, Bronx, NY, concerning the owner's sale of crack cocaine from the store, which Plaintiff took issue with.

10. Following the confrontation, Plaintiff exited the store and went around the corner to calm down.

11. When Plaintiff returned to the 24 hour store at 1011 Ogden Avenue, hoping to find the police there and to tell them that the store owner was selling crack, Plaintiff saw a group of approximately six JOHN DOES police officers, including Defendant POLICE OFFICER VICENTI GUZMAN and Defendant POLICE OFFICER LOWELL THOMAS.

12. Plaintiff tried to explain to the officers that the owner was selling crack cocaine out of his store.

13. Plaintiff was excited, but controlled, and was not being aggressive to the police in any way.

14. Defendant POLICE OFFICER VICENTI GUZMAN interrupted Plaintiff, telling her aggressively, in sum and substance, to "shut the fuck up and get against the wall."

15. Plaintiff initially started to walk away out of fear once she saw Defendant POLICE OFFICER VICENTI GUZMAN's aggression toward her, but she immediately thereafter lifted her arms up in surrender and told the police officers that she was not going to run away.

16. Plaintiff did not run away from the police.

17. Defendant POLICE OFFICER VICENTI GUZMAN grabbed Plaintiff by the left wrist and finger and violently wrenched her left wrist and hand upward.

18. Plaintiff weighs roughly 110 pounds and is roughly 5' 4" inches tall.

19. Defendant POLICE OFFICER VICENTI GUZMAN is a large man, and very strong.

20. As Defendant POLICE OFFICER VICENTI GUZMAN wrenched Plaintiff's wrist

and hand upward, with great force, the sound of Plaintiff's bone breaking was clearly audible to Plaintiff.

21. Defendant POLICE OFFICER THOMAS LOWELL was designated on NYPD paperwork as Plaintiff's arresting officer, and falsely states in a narrative on that paperwork that Plaintiff ran when the police arrived and resisted arrest by flailing her arms.

22. These allegations are false.

23. As described above, Plaintiff did not run from the police.

24. Plaintiff also did not flail her arms or otherwise resist Defendant POLICE OFFICER VICENTI GUZMAN, Defendant POLICE OFFICER THOMAS LOWELL, or any of the other JOHN DOES officers present at the scene, and the force used upon her was entirely excessive and unjustified.

25. Plaintiff screamed and was in extreme pain after having her wrist and hand wrenched upward by Defendant POLICE OFFICER VICENTI GUZMAN.

26. Plaintiff began to cry from the pain in her wrist and hand.

27. Plaintiff was handcuffed with excessive tightness by Defendant POLICE OFFICER VICENTI GUZMAN.

28. After Plaintiff was handcuffed, Defendant POLICE OFFICER VICENTI GUZMAN also kicked Plaintiff, without cause or justification, further injuring her leg.

29. Plaintiff cried out to Defendant POLICE OFFICER VICENTI GUZMAN, in sum and substance, "Please, don't touch me anymore."

30. Plaintiff was taken to the NYPD 44th precinct by Defendant POLICE OFFICER VICENTI GUZMAN and his JOHN DOE partner.

31.     At the 44th precinct, Defendant POLICE OFFICER VICENTI GUZMAN insulted and mocked Plaintiff by saying, in sum and substance, "you sure you're not smoking crack" and "you're skinny."

32.     While Plaintiff was being held at the 44th precinct her hand became very swollen.

33.     Plaintiff asked to go to the hospital, and continued to cry from the pain to her wrist and hand.

34.     Two police officers took Plaintiff to Lincoln Medical Center, where she was diagnosed with a broken metacarpal bone and discharged.

35.     Plaintiff was then taken to Bronx Central Booking, where she was held until she was released from custody following arraignment.

36.     All of the charges lodged against Plaintiff were eventually dismissed.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

37.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

38.     By their conduct and actions in assaulting and battering plaintiff, trespassing upon plaintiff, violating rights to due process of plaintiff, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment she received at the hands of other defendants, Defendants POLICE OFFICER VICENTI GUZMAN, POLICE OFFICER LOWELL THOMAS, and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a

6

reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

39.     As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced injury, pain and suffering, garden-variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

40.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

41.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

42.     As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced injury, pain and suffering, garden-variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF DEFENDANT THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

43. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

44. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had <u>de facto</u> policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

45. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had <u>de facto</u> policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

46. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had *de facto* policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the use of excessive force, including through the use of excessively tight handcuffs. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

47. At all times material to this complaint, the defendant THE CITY OF NEW YORK,

acting through its police department and through the individual defendants, had *de facto* policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

48.  As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced injury, pain and suffering, garden-variety emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:        New York, New York
              May 21, 2014

                                              _____
                                              JEFFREY A. ROTHMAN, Esq.
                                              315 Broadway, Suite 200
                                              New York, New York 10007
                                              (212) 227-2980
                                              Attorney for Plaintiff